FILED
United States Court of Appeals
Tenth Circuit

October 31, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRANDON SCOTT MOORE,

     Petitioner - Appellant,

v.

RANDY LIND; CYNTHIA
COFFMAN, Attorney General of the
State of Colorado,

     Respondents - Appellees.

No. 16-1287
(D.C. No. 1:15-CV-02351-LTB)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

Petitioner-Appellant Brandon Scott Moore, a state inmate appearing pro se, seeks a certificate of appealability (COA) to appeal from the district court's denial of his application for a writ of habeas corpus. 28 U.S.C. § 2254. Because Mr. Moore has failed to make the requisite showing, we deny the application for a COA, deny IFP status, and dismiss the appeal. See id. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–85 (2000).

The parties are familiar with the underlying facts, which we need not repeat. Suffice it to say that Mr. Moore was convicted of first-degree murder and child abuse resulting in death in Colorado state court. 1 R. 64–68. On direct

appeal, the Colorado Court of Appeals reversed the first-degree murder conviction and remanded for a new trial. 1 R. 115; People v. Moore, No. 08CA2039 (Colo. App. Aug. 30, 2012). The Colorado Supreme Court denied certiorari. 1 R. 315; Moore v. People, No. 2012SC794 (Colo. Nov. 12, 2013). Mr. Moore subsequently pled guilty to one count of retaliation against a victim/witness in exchange for the dismissal of the murder charge. 1 R. 67–68. He then filed this federal habeas application, which the district court denied. 2 R. 650–51; Moore v. Lind, No. 15-CV-02351-LTB (D. Colo. June 9, 2016).

To now obtain a COA, Mr. Moore must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). This means that reasonable jurists would find the district court's disposition of a constitutional claim "debatable or wrong." Slack, 529 U.S. at 484. Where a claim has been denied on procedural grounds, a petitioner must also demonstrate that reasonable jurists would find the procedural ruling debatable or wrong. Id.

On appeal, Mr. Moore raises three claims. First, he argues that expert-witness testimony at trial violated his due process rights by including opinions on his culpable mental state and thus usurped the role of the jury. Mr. Moore must show that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law or was based upon an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). The Colorado Court of Appeals explained why, given Mr.

Moore's defense, the expert testimony was not state-law plain error, and that most of it was not error at all. 1 R. 99–103. The federal district court's conclusion that Mr. Moore cannot demonstrate that the testimony rendered the proceedings fundamentally unfair is not reasonably debatable. See Dowling v. United States, 493 U.S. 342, 352–53 (1990).

Second, Mr. Moore asserts that prosecutorial misconduct in closing argument violated his due process rights. The Colorado Court of Appeals extensively reviewed Mr. Moore's challenges of misconduct and found that there were only two statements by the prosecutor regarding the child abuse charge that were actually improper. 1 R. 104–14. Because these statements drew sustained objections and immediate curative instructions, the court held that they did not render the trial fundamentally unfair. Id. at 114. The district court's holding that Mr. Moore cannot overcome these conclusions and demonstrate fundamental unfairness is not reasonably debatable. See Darden v. Wainwright, 477 U.S. 168, 181–83 (1986).

Third, Mr. Moore contends that the Colorado Court of Appeals violated his constitutional rights by failing to reverse his child abuse conviction when it reversed the first degree murder conviction since they were based on the same underlying facts. But Mr. Moore never exhausted this claim at the state level, and if he tried to do so now, it would be rejected as untimely. See Colo. R. Crim. P. 35(c)(3)(VII). As such, he must now satisfy the cause and prejudice standard to

excuse his anticipatory procedural default, or he must demonstrate that a fundamental miscarriage of justice will result if we do not review the merits of his claim.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Mr. Moore's reliance on his actual innocence does not suffice as he has not presented any new evidence that was not presented at trial.  See Schlup v. Delo, 513 U.S. 298, 324 (1995).  Thus, the district court's conclusion that Mr. Moore's third claim is procedurally barred and required dismissal is not reasonably debatable.

We therefore DENY a COA, DENY IFP status, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge